# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CAUSE NO.: 2:16-CR-178-2-TLS-JEM |
| GEORGE R. MCKOWN, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on the government's Motion for Trial Testimony by Two-Way Video Conference [ECF No. 140]. The government seeks to have two witnesses, Dorothy Hardesty and Dorothea Wolfe, testify against Defendant George R. McKown remotely. The government represents that this motion is unopposed, and that Defendant waives "any Sixth Amendment issues relating to the confrontation clause." Mot. for Trial Test. at 1, ECF No. 140. Defendant has not responded within the allotted time to dispute this, making this matter ripe for ruling. For the reasons stated below, this Motion is GRANTED.

## BACKGROUND

Defendant has been indicted on charges arising out of an alleged scheme to defraud investors. *See* Indictment, ECF No. 1. This matter is set for trial on January 27, 2020. Scheduling Order, ECF No. 103. The following background is alleged by the government and the Court accepts as true for the purposes of this motion only.

Both Mrs. Hardesty and Ms. Wolfe desire to testify at trial, but both live in Florida. Mot. for Trial Test. at 1, ECF No. 140. Mrs. Hardesty is 98 years old, blind, and hard of hearing, and due to her age and health conditions she is not capable of traveling to the Northern District of Indiana to testify in person. *Id.* at 1–2. Ms. Wolfe is Mrs. Hardesty's daughter and primary

caregiver, and she cannot travel to the Northern District of Indiana to testify in person because of her caregiving responsibilities to her mother. *Id.* The government seeks to have these two witnesses testify at trial remotely via two-way video the United States District Court in the Northern District of Florida, Tallahassee Division. *Id.* at 6.

## ANALYSIS

The Court concludes that it has the inherent power to grant the government's request. *See United States v. Beaman*, 322 F. Supp. 2d 1033, 1034 (D.N.D. 2004) (collecting cases).

The Confrontation Clause of the Sixth Amendment reads in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This requirement constrains what Courts may allow, and "reflects a preference for face-to-face confrontation at trial." *Maryland v. Craig*, 497 U.S. 836, 849 (1990) (quoting *Ohio v. Roberts*, 448 U.S. 56, 63 (1980)). While "the face-to-face confrontation requirement is not absolute" it may only be dispensed with "where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Id.* at 850.

To begin, the Court notes that the government represents that Defendant has waived any confrontation clause issues with the two government witness testifying remotely. *See* Mot. for Trial Test. at 1 ("The Government seeks this request without objection by the defendant, through counsel, Richard S. Kling, waiving any Sixth Amendment issues relating to the confrontation clause."). This is an independent ground that the Court could rely on to grant the government's motion. *See Yu Tian Li v. United States*, 648 F.3d 524, 531 (7th Cir. 2011) (noting that "defendant's attorney can waive his client's Sixth Amendment confrontation right so long as the defendant does not dissent from his attorney's decision, and so long as it can be said that the

attorney's decision was a legitimate trial tactic or part of a prudent trial strategy." (quoting *United States v. Cooper*, 243 F.3d 411, 418 (7th Cir. 2001)). But even without this waiver it would still be appropriate to grant the government's motion.

The government cites to *Maryland v. Craig* for its argument that the confrontation clause does not prevent the two witnesses from testifying remotely. The Court notes that the *Craig* analysis may be too restrictive for this circumstance, as that case involved a one-way video where the testifying child could not see the defendant while here the government seeks to utilize two-way video testimony. *See United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999) (declining to apply *Craig* because the remote testimony involved two-way video, and instead analogizing to admission of a deposition under Fed. R. Crim. P. 15 where the witness is unavailable).

However, because the government's motion also satisfies a more stringent *Craig* analysis the Court will apply that framework. The Supreme Court in *Craig* confirmed that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." *Craig*, 497 U.S. at 849. The "necessity" requirement is "case-specific." *Id.* at 855. While the "reliability" requirement may be satisfied when: (1) the witness is under oath; (2) the witness is subject to cross-examination; and (3) the jury can observe the witness's demeanor. *Id.* at 845–46.

Here, as to necessity the Court is satisfied that due to the witness' age, health conditions, and caregiving responsibilities they cannot testify at this trial in person. *See generally United States v. McGowan*, 590 F.3d 446, 455–56 (7th Cir. 2009) ("LaMie's illnesses were chronic, unlikely to change over time except to worsen, and in fact did worsen over the time that passed

between the indictment and trial. In this context, the court's finding of LaMie's unavailability was timely, sound, and well within the court's discretion.").

The Court also concludes that allowing the witnesses to testify remotely is necessary because they would not be able to otherwise, and that allowing them to testify supports two important public policies. First, there is an important public interest in the government prosecuting serious crimes such as the alleged fraud in this case. And second, there is an important public interest in allowing witnesses to testify who cannot travel because of age or health. As to reliability, live two-way video testimony at a remote courthouse meets the requirements laid out in *Craig*. The witnesses will be under oath and subject to cross examination, and the jury will be able to observe the witnesses' behavior. *See McGowan*, 590 F.3d at 456 ("We have already held that there is no Confrontation Clause violation when admitting fully cross-examined testimony preserved by a properly conducted Rule 15 deposition, and that this holding had not changed after *Crawford*."); *see also Gigante*, 166 F.3d at 81 ("We agree that the closed-circuit presentation of Savino's testimony afforded greater protection of Gigante's confrontation rights than would have been provided by a Rule 15 deposition."). Because the witnesses' testimony is both necessary to serve an important public purpose and is reliable, the Court concludes that the proposed testimony via two-way video does not violate Defendant's confrontation clause rights.

## CONCLUSION

For the above reasons the government's Motion for Trial Testimony by Two-Way Video Conference [ECF No. 140] is GRANTED.

SO ORDERED on January 6, 2020.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN

UNITED STATES DISTRICT COURT